JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MAVRIX PHOTOGRAPHS, LLC, | Case No.: SACV 14-00875-CJC(ANx) |
| Plaintiff, | |
| vs. | |
| COED MEDIA GROUP, LLC, | ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE |
| Defendant. | |

## I.  INTRODUCTION & BACKGROUND

Plaintiff Mavrix Photographs, LLC ("Mavrix") brings this copyright action against Coed Media Group, LLC ("Defendant") for the alleged infringement of six photographs owned by Mavrix.  (Dkt. No. 1 ["Compl."].)  Mavrix is incorporated and has its principal place of business in California, while Defendant is a New York limited liability company and has its principal place of business in New York.  (Compl. ¶¶ 3–4.)   Defendant operates www.coed.com and www.bustedcoverage.com (the "Websites"), which are

-1-

sports and lifestyle websites for young male adults and feature female celebrities. (Compl. ¶ 7.)  Defendant runs the Websites from its office in New York City.  (Dkt. No. 16-1, Def.'s Mot. to Transfer Venue ["Def.'s Mot."] at 2.)

In its Complaint, Mavrix asserts that Defendant infringed Mavrix's copyrights in six photographs of popstars Katy Perry and Fergie by posting these photographs on the Websites.  (Compl. ¶ 9.)  More specifically, Mavrix contends that these photographs were willfully taken from an unknown source and "reproduced by Defendant's staff (both 'Kevin the Intern,' the 'Coed Staff' and even 'Bryant Jackson,' Coed's President & Executive Editor) and then uploaded and posted on the Defendants; [*sic*] Websites for public display."  (Compl. ¶ 18.)  Mavrix further claims that the presence of celebrity photographs on Defendant's websites drives "massive" Internet traffic to the sites and this traffic "translates to significant advertising revenue" for Defendant.  (Compl. ¶ 8.) Mavrix now seeks relief under the Copyright Act for, *inter alia*, an injunction enjoining Defendant from future reproduction, a request that "an accounting to be made for all profits, income, receipts or other benefit derived" by Defendant through its allegedly unlawful actions, and damages.  (Compl. at 5–6.)  Defendant now moves to transfer venue to the Southern District of New York.  (Def.'s Mot.)   For the following reasons, Defendant's motion is GRANTED.[1]

## II.  ANALYSIS

The Court finds that transfer is warranted pursuant to 28 U.S.C. § 1404(a), which permits a district court to "transfer any civil action to any other district or division where

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Furthermore, after conferring with Mavrix, Defendant has requested the Court waive oral argument on this motion.  (Dkt. No. 19.) Accordingly, the hearing set for November 17, 2014 at 1:30 p.m. is hereby vacated and off calendar.

it might have been brought" when transfer would serve "the convenience of parties and witnesses" and would be "in the interest of justice."  Under § 1404(a), two findings are required for proper transfer: (1) the transferee district court is one where the action might have been brought, and (2) the convenience of the parties and witnesses and the interest of justice favor transfer.  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  As to the second prong, a court may consider multiple factors in determining whether the interests of justice favor transfer, including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof," in addition to the relevant public policy of the forum state.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).  The moving party bears the burden of demonstrating that transfer is appropriate.  *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).  District courts have broad discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration, *Jones*, 211 F.3d at 498, and must undertake a "flexible and individualized analysis" of relevant factors, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Here, the parties do not contest that this suit could have been brought in the Southern District of New York.  The Southern District has personal jurisdiction over Defendant, and venue is also proper there because "[c]ivil actions, suits or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found."  *See* 28 U.S.C. § 1400(a).  Accordingly, the first requirement of § 1404(a) is satisfied.

The second requirement of §1404(a) is also satisfied because the *Jones* factors favor venue in New York.  First, although Plaintiff's choice of forum is entitled to some deference, *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), this factor may be given less deference if, as is true here, the key factual issues in dispute are centered in the transferee forum, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (finding that deference to the plaintiff's choice of venue is further diminished if the operative facts have not occurred within the forum and "where the forum lacks a significant connection to the activities alleged in the complaint").  " 'The operative facts in infringement cases usually relate to the design, development and production of an infringing product.' "  *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 2006 WL 4568798, at *4 (quoting *AEC One Stop Group, Inc. v. CD Listening Bar*, 326 F. Supp. 2d 525, 530 (S.D.N.Y. 2004)).  Here, the Court finds that Mavrix's allegations are centered on Defendant's reproduction and posting of the photographs at issue.  Mavrix asserts that the alleged infringement occurred on the Websites, which were designed, maintained, and operated from Defendant's headquarters in New York.  Therefore, Mavrix's choice of forum is entitled to reduced deference.

Second, the parties' contacts — both general contacts as well as contacts specific to Mavrix's cause of action — favor transfer.  While Mavrix is incorporated in California, Defendant lacks contact with this forum.  Mavrix argues that Defendant has sufficient contacts with this forum because it is a "national, indeed international, website business, not some local NY business like a Brooklyn Laundromat.  Naturally, many of the celebrities are located in Los Angeles which is the world's celebrity epi-center."  (Dkt. No. 17, Pl.'s Opp'n to Def.'s Mot. to Transfer Venue ["Pl.'s Opp'n"] at 10).  Such generalizations are not sufficient to establish Defendant's contacts with California, notwithstanding the fact that Defendant operates websites.  Additionally, the six photographs at issue in this case were captured in either the Bahamas or Florida, not Los Angeles.  The specific contacts most relevant to Mavrix's cause of action, however, are in

New York and not in California.  Mavrix's sole cause of action for copyright infringement concerns Defendant's actions of posting and reproducing allegedly copyrighted content from its company's headquarters in New York City.  (Compl. ¶ 18 [identifying several of Defendant's staff members who were involved in the allegedly unlawful activities].)

The sixth, seventh, and eighth *Jones* factors — the differences in the costs of litigation in the two forums, the availability of compulsory process to compel attendance of unwilling non-party witnesses, and the ease of access to sources of proof — also weigh in favor of transfer.  Defendant first contends that all of the relevant physical records, files, computers, and electronic files and records concerning Mavrix's allegations are at Defendant's headquarters or at a storage facility in New York.  (Def.'s Mot. at 12.)  "Given technological advances in document storage and retrieval, transporting documents between districts does not generally create a burden.  Nonetheless, to the extent that the bulk of the relevant evidence usually comes from the accused infringer in a copyright infringement case, this factor weighs slightly in favor of transfer."  *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) (internal quotation marks and citations omitted).  Defendant's records include information regarding the "creation, approval, and uploading of content and images, and concerning web traffic, partnerships, advertising, and other revenue streams, and general corporate matters."  (Def.'s Mot. at 12–13.)  Given Mavrix's requested relief, such information would be relevant to a court's resolution of this matter.  (*See* Compl. at 5–6.)  On the other hand, Mavrix does not point to any relevant evidence on which it intends to rely to otherwise indicate California is a more appropriate venue.[2]  Defendant further identifies seven former employees and non-party witnesses, who all live in or near New York and who could testify regarding the Websites' content, web-traffic, Internet media, and Defendant's advertising revenue, as

---

[2]  Mavrix argues that its "employment documents regarding the hiring of its photographers, corporate documents, copyright assignments, licensing rates, etc." are all located in California.  (Pl.'s Opp'n at 11.)  Mavrix, however, fails to clarify why such documents would be relevant to the case at issue.

well as Defendant's editorial decision-making process.  (Def.'s Mot. at 3, 9–10.)  By contrast, Marvix does not identify any non-party witnesses in California and thus, the availability of the compulsory process to compel the attendance of any unwilling non-party witnesses strongly favors venue in New York.  By the same token, the testimony of Defendant's current and former employees, most of whom reside in or near New York, will be material to a court's determination of whether Defendant willfully violated Mavrix's copyrights.  Therefore, litigation would be less costly at the place where these potential witnesses reside.  Considering the above, the Court finds that Defendant has met its burden in showing that transfer is appropriate under the *Jones* factors.[3]

Finally, the convenience of the witnesses weighs decisively in favor of transfer. "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)."  *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (internal citation omitted).  As discussed above, Defendant has also demonstrated that seven of its former employees with relevant firsthand knowledge material to Mavrix's allegations are located in New York City and the immediately surrounding areas.  (Def.'s Mot at 3.)  Furthermore, according to Defendant, most of its current employees, such as Bryant Jackson (an employee Mavrix specifically accuses of uploading the photographs at issue), either reside in New York or work out of Defendant's New York headquarters.  (Def.'s Mot. at 10–12.)  Marvrix,

---

[3]  In regard to the remaining *Jones* factors, the evidence presented by the parties does not suggest that there were any agreements in this case that counsel strongly in favor of or against transfer.  As to the issue of governing law, federal courts both in New York and California are equally equipped to adjudicate copyright claims.  Finally, Mavrix argues that only California has a local interest in adjudicating the case because "Mavrix's business is quintessentially *California*-centric—it is about celebrity culture—and is decidedly not NY centric, i.e., Mavrix is not about hedge funds or Wall Street bankers or the financial shenanigans of NY banks, which are NY-centric issues."  (Pl.'s Opp'n at 11–12.) This argument is unconvincing, as California has no more of an interest than New York does in upholding a copyright owner's rights.  The fact that the photographs at issue were of celebrities is immaterial under copyright law.  Moreover, New York has a stronger interest in monitoring the conduct of website providers doing business in the state.

however, only identifies its owners and party witnesses, Gareth Thomas and his wife Chola Reavley who live in California.  (Pl.'s Opp'n at 7.)  On balance, given the substantial number of witnesses who will testify to the core facts surrounding the issue of Defendant's alleged infringement, the convenience of witnesses favors transfer.

## IV.  CONCLUSION

The circumstances of this case favor transfer to the Southern District of New York. Accordingly, Defendant's motion to transfer venue is GRANTED.

DATED:     November 12, 2014

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE